

OFFICE OF THE ATTORNEY GENERAL OF TEXAS

**AUSTIN**

GROVER SELLERS

ATTORNEY GENERAL

Honorable W. S. Barron, Judge
85th Judicial District
Bryan, Texas

Dear Sir:

Opinion No. 0-5923
Re: Whether Robertson County
has the authority to pay
a County Attorney Pro Tem
for his services under the
facts stated; and related
questions.

Your letter of May 29, 1944, requesting the opinion of
this department on the questions stated therein is, in part, as
follows:

"I am very much in need of advice on the follow-
ing matter: recently charges were lodged against the
County Attorney of Robertson County, before a regularly
organized Grand Jury. The Grand Jury requested that I
appoint a County Attorney Pro Tem to advise the Grand
Jury with reference to the matter. I considered whether
or not to call on one of your assistants or appoint a
pro tem, finally decided under all the conditions to
appoint a member of the Robertson County Bar as County
Attorney Pro Tem, this I did. Mr. John R. Grace of
Hearne, Texas, was appointed to this place, after two
other lawyers in the County had refused assigning reasons
for their refusal. Mr. Grace advised with the Grand Jury.
Two bills were found, one for bribery and the other theft.
The bribery charge was dismissed on the motion of the
County Attorney Pro Tem, and the Felony indictment went
to trial and consumed three days and until mid-night
the third day, when a Jury returned a verdict of not
guilty.

"Please inform me as follows:

"1. Does Robertson County have the authority to
pay the County Attorney Pro Tem for his services?

"(a) If so, should a reasonable fee be fixed by
me and certified to the Commissioner's Court, or

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"(b) Should an amount be determined based on
the time given by the Pro Tem in the preparation
and trial of the case.  That is, if two weeks were
consumed should it be an amount equal to one-half
of a month's salary paid the County Attorney. ***"

As you know, of course, Article 4399, Vernon's Annota-
ted Civil Statutes, does not authorize this department to render
written opinion for the District Judges of this State; however,
under the particular circumstances and facts, we make an excep-
tion in this instance.  As we understand your request, the
County Attorney was under indictment by the Grand Jury of Robert-
son County, and said county does not have a District Attorney.
Therefore, as heretofore stated, we make an exception in answer-
ing your request.

Article 31, Vernon's Annotated Code of Criminal Procedure,
provides:

"Whenever any district or county attorney fails
to attend any term of the District, County or Justice
Court, the Judge of said Court or such Justice may ap-
point some competent attorney to perform the duties
of such District or County Attorney, who shall be al-
lowed the same compensation for his services as is al-
lowed the District Attorney or County Attorney.  Said
appointment shall not extend beyond the term of the
court at which it is made, and shall be vacated upon
the appearance of the District or County Attorney."

Article 32, Vernon's Annotated Code of Criminal Procedure,
reads as follows:

"District and county attorneys shall not be of
counsel adversely to the State in any case, in any
court, nor shall they, after cease to be such officers,
be of counsel adversely to the State in any case in
which they have been of counsel for the State."

Exercising his statutory power, the Judge or Justice may appoint any competent attorney or member of the Bar to perform the duties of District Attorney or County Attorney. This power may be properly exercised when there exists a vacancy in the office of the District or County Attorney, where the District or County Attorney is temporarily disabled to act, or in any particular case where there may exist special reasons why the District or County Attorney should not act. It has been held that a competent attorney may be appointed to act on behalf of the State, or as an assistant of the State's counsel, in a summary proceeding for the removal of a county attorney or other county officer. (See Trigg v. State, 49 Tex. 645; Bennett v. State, 27 Texas, 702; State v. Gonzales, 26 Tex. 197; Daniels v. State, 77 S. W. 215)

As the County Attorney was under indictment by the Grand Jury, he could not represent the State in such proceedings, and as there was no District Attorney in said County to perform such duties, it is clear that the District Judge had authority to appoint a county attorney pro tem to perform such services.

We have carefully considered the case of Voges v. Shepherd, 67 S. W. (2d) 856, in connection with the questions under consideration and believe that this case has no application to the questions presented.

We do not believe that Article 26, Vernon's Annotated Code of Criminal Procedure, has any application to the questions under consideration, but that the questions presented in your inquiry, are governed by the foregoing statutes and authorities. Article 31, supra, expressly provides that where a competent attorney performs the duties of county attorney, such attorney shall be allowed the same compensation for his services as allowed to the county attorney. The county officials of Robertson County are compensated on an annual salary basis and the county pays the salaries of such officials. Therefore, we respectfully answer your first question in the affirmative.

We now consider your second and third questions. Although Article 31, supra, does not specifically provide that the salary of the county attorney pro tem shall be determined by the number of days he serves, we believe that the most practicable way of calculating his compensation is to divide the annual salary of the county attor-

ney by three hundred and sixty-five and multiply the quotient by the number of days actually served by such county attorney pro tem. It is noted that you state the county attorney served three days in the actual trial of the case. It is not stated how much time the county attorney pro tem served with the Grand Jury investigating the case involved. It is our opinion that the county attorney pro tem is entitled to compensation from the county upon the basis heretofore stated for all the time he served as county attorney pro tem before the Grand Jury and for the time actually engaged in the trial of the case. It is our further opinion that the county attorney pro tem would not be entitled to any compensation for the time spent in the preparation of the case. In other words, all the compensation to which he would be entitled would be for the time spent with the Grand Jury and for the time spent in the actual trial of the case.

We believe that what has been said heretofore answers both your second and third question; therefore, it is unnecessary to discuss such questions further.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:EP

APPROVED JUN 23, 1944

(signature) ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY [signature]
CHAIRMAN